IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


OLGENS DRAGENICE             *     CIVIL ACTION NO. CCB-03-570
        Petitioner,
   v.                                 *

TOM RIDGE                         *
        Respondent.
                             ******


**MEMORANDUM**


I.    Factual Background

Petitioner Olgens Dragenice ("Petitioner") is a native of Haiti who was denied a withholding of removal under the Convention Against Torture ("CAT") and ordered removed on August 22, 2002.[1] Paper No. 4. On April 20, 2003, the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal. *Id*. During the pendency of the BIA appeal, however, petitioner filed this 28 U.S.C. § 2241 Petition, seeking to terminate removal proceedings on the ground that he is a "national" of the United States and not subject to deportation. On April 24, 2003, the court directed that the matter be transferred to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631. On November 10, 2003, the Fourth Circuit issued a stay of removal. On November 5, 2004, the Fourth Circuit reversed this court's transfer order and remanded the case. *See Dragenice v. Ridge*, 389 F.3d. 92, 97-99 (4th Cir.

---

[1] In 2000, petitioner was convicted of the offenses of robbery with a dangerous and deadly weapon, theft under $300.00, and second degree assault. Paper No. 4 at Ex. B. He was subsequently charged as being removable as an alien convicted of a crime involving moral turpitude and an aggravated felony. *Id*. at Ex.C. Petitioner conceded the charges before Immigration Judge John F. Gossart Jr., but was permitted to file an application under the CAT. *Id*. at Ex. D.

2004) (district court could exercise jurisdiction over habeas petition filed by alien who was being detained while awaiting removal, in which alien challenged lawfulness of his detention on theory that he was United States national not subject to removal).  The mandate was issued on February 18, 2005.  On March 2, 2005, the undersigned directed that counsel be appointed to represent petitioner.

On May 27, 2005, respondent[2] filed a motion to transfer, in part, and motion to dismiss, in part. Paper No. 19.  Respondent moves to transfer the case to the United States Court of Appeals for the Fourth Circuit based on the recently enacted Real ID Act of 2005, Pub. L. No. 109-13, Div. B, §106(a), (c), 119 Stat. 231 (2005) ("RIDA").  On June 29, 2005, petitioner filed a response consenting to transfer. Paper No. 24.  The pending motions shall be determined on the pleadings and without oral hearing.  *See* Local Rule 105.6.  (D. Md. 2004).  For reasons to follow, the case shall be transferred to the Fourth Circuit by separate Order.

II.  Analysis

Signed into law by the President on May 11, 2005, RIDA substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal.  Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[3]  Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges

---

[2] On June 3, 2005, respondent filed a motion to substitute party.  Paper No. 20.  The motion shall be granted and the Clerk shall be directed to amend the docket to substitute the name of Secretary Michael Chertoff, Department of Homeland Security, as the respondent.

[3] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

Congress specifically intended for the amendments under RIDA to take effect immediately. The Act states that its provisions shall take effect on the date of enactment and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment" of the Act. RIDA, §106(b).

III.  Conclusion

This action was pending in this court on the date of RIDA's enactment. The petition raises a question of law directly related to the legality of petitioner's order of removal. The "jurisdiction-stripping" provisions of RIDA plainly apply here. Accordingly, the respondent's motion to transfer shall be granted and the case will be transferred to the United States Court of Appeals for the Fourth Circuit in accordance with § 106 of RIDA. A separate Order reflecting this Memorandum follows.[4]

---

[4] Petitioner is now subject to a final order of removal. Respondent has construed the petition to raise a challenge to petitioner's pre-removal order detention and moves to dismiss that claim. Petitioner concedes that, to the extent his petition challenges his pre-removal order detention, the challenge is now moot. As this court does retain jurisdiction to review the detention claim under RIDA, respondent's motion to dismiss the pre-removal order detention claim shall be granted.

| | |
|---|---|
| June 30, 2005 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |